UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EDITH STRINGER,

              Plaintiff,

       V.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

              Defendant.

**REPORT AND RECOMMENDATION**

10-CV-0575
(LEK/VEB)

## I. INTRODUCTION

In August of 2007, Plaintiff Edith Stringer filed an application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") benefits under the Social Security Act. Plaintiff alleges that she has been unable to work since July of 2006, due to a back impairment. The Commissioner of Social Security denied Plaintiff's applications.

Plaintiff, by and through her attorney, Peter W. Antonowicz, Esq., commenced this action seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The Honorable Norman A. Mordue, Chief United States District Judge, referred this case to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 14).

## II. BACKGROUND

The relevant procedural history may be summarized as follows:

Plaintiff applied for SSI benefits and DIB on August 16, 2007, alleging disability beginning on July 14, 2006. (T at 71-73, 80, 96).[1] The applications were denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held before ALJ Richard West on September 18, 2009, in Newark, New Jersey. (T at 18). Plaintiff appeared with an attorney and testified. (T at 23-41).

On September 30, 2009, ALJ West issued a written decision finding that Plaintiff was not disabled and therefore not entitled to benefits. (T at 8-17).  The ALJ's decision became the Commissioner's final decision on March 22, 2010, when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

Plaintiff, through counsel, timely commenced this action on May 17, 2010.(Docket No. 1).  The Commissioner interposed an Answer on September 22, 2010. (Docket No. 7). Plaintiff filed a supporting Brief on December 9, 2010. (Docket No. 12).  The Commissioner filed a Brief in opposition on January 24, 2011. (Docket No. 13).

Pursuant to General Order No. 18, issued by the Chief District Judge of the Northern District of New York on September 12, 2003, this Court will proceed as if both parties had accompanied their briefs with a motion for judgment on the pleadings.[2]

For the reasons that follow, it is recommended that the Commissioner's motion be denied, Plaintiff's motion be granted, and this case be remanded for further administrative

---

[1] Citations to "T" refer to the Administrative Transcript.  (Docket No. 8).

[2] General Order No. 18 provides, in pertinent part, that "[t]he Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings."

proceedings.

### III. DISCUSSION

**A.    Legal Standard**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir.1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir.1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir.1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir.1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir.1982).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the

3

court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F.Supp. 147, 153 (S.D.N.Y.1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir.1984).

The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 416.920, 404.1520. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.[3]

---

[3] This five-step process is detailed as follows:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.

If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.

If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.

If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.

Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.

Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir.1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir.1999); 20 C.F.R. §§ 416.920, 404.1520.

While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir.1984).

The final step of the inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(g); 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

**B.   Analysis**

    **1.   Commissioner's Decision**

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2010.  The ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 14, 2006, the alleged onset date.  He concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine and obesity. (T at 10).

The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments found in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). (T at 13). The ALJ concluded that Plaintiff retained the residual functional capacity to perform sedentary work, as defined in 20 CFR § 404.1567 (a) and 416.967 (a), except that she could perform postural functions only occasionally. (T at 14).

The ALJ found that Plaintiff could not perform her past relevant work as a certified nursing assistant. (T at 16). However, considering Plaintiff's age (35 years old on the alleged disability date), education (high school), and residual functional capacity (sedentary work with occasional postural functions), the ALJ determined that there were jobs that exist in the national economy that Plaintiff can perform. (T at 16).

Accordingly, the ALJ concluded that Plaintiff had not been under a disability, as defined under the Social Security Act, from the alleged onset date (July 14, 2006) through the date of the ALJ's decision (September 30, 2009) and was therefore not entitled to benefits. (T at 17). As noted above, the ALJ's decision became the Commissioner's final decision on March 22, 2010, when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

### 2. Plaintiff's Claims

Plaintiff contends that the Commissioner's decision should be reversed. She offers two (2) principal arguments in support of this position. First, Plaintiff challenges the ALJ's RFC determination. Second, Plaintiff argues that the ALJ did not properly evaluate her credibility. This Court will address both arguments in turn.

#### a. RFC

Residual functional capacity ("RFC") is defined as: "what an individual can still do despite his or her limitations." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir.1999). "Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A 'regular and continuing

6

basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Id.

When making a residual functional capacity determination, the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis. 20 C.F.R. § 404.1545(a).  An RFC finding will be upheld when there is substantial evidence in the record to support each requirement listed in the regulations. LaPorta v. Bowen, 737 F. Supp. 180, 183 (N.D.N.Y.1990).

As noted above, the ALJ concluded that Plaintiff retained the RFC to perform sedentary work, as defined in 20 CFR § 404.1567 (a) and 416.967 (a), except that she could only perform postural functions occasionally. (T at 14).  Plaintiff challenges this conclusion, pointing to a Medical Assessment of Ability to Do Work-Related Activities (Physical) completed by her treating physician, Dr. Gregory Shankman (an orthopedist), in August of 2009.  In his assessment, Dr. Shankman opined that Plaintiff was limited to lifting 10 pounds occasionally, 5 pounds frequently, standing/walking for less than 2 hours in an 8-hour workday, and sitting for less than 2 hours in an 8-hour workday. (T at 196).

Under the "treating physician's rule," the ALJ must give controlling weight to the treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); Halloran v. Barnhart, 362 F.3d 28, 31-32 (2d Cir. 2004); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir.2000).[4]

---

[4] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No.03-Civ.0075, 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances. In this regard, the ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (4) consistency, (5) specialization of the treating physician, and (6) other factors that are brought to the attention of the court. C.F.R. § 404.1527(d)(1)-(6); see also de Roman, 2003 WL 21511160, at *9; Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir.1998); Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1998).

In the present case, the ALJ discounted Dr. Shankman's opinion, finding that it was "not consistent with the overall record." (T at 15). Specifically, the ALJ noted that there was "no medical evidence consistent with the conclusion that [Plaintiff] could not perform the sitting required for sedentary-level work." (T at 15). The ALJ also found that "Dr. Shankman's opinions appear[ed] to limit [Plaintiff] more than . . . her own testimony and actions." (T at 15). The ALJ noted that "no other doctor reported that [Plaintiff] was disabled or unable to work." (T at 15).

For the following reasons, this Court finds that the ALJ failed to adequately develop the record before discounting Dr. Shankman's opinion. The ALJ has an "affirmative duty to develop the record and seek additional information from the treating physician, *sua sponte*, even if plaintiff is represented by counsel" to determine upon what information the treating source was basing his opinions. Colegrove v. Comm'r of Soc. Sec., 399 F.Supp.2d 185, 196 (W.D.N.Y.2005); see also 20 C.F.R. §§ 404.1212(e)(1), 416.912(e) (1) ("We will

8

seek additional evidence or clarification from your medical source when the report from your medical source ... does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."). Failure to re-contact is error. See Taylor v. Astrue, No. CV-07-3469, 2008 WL 2437770, at *3 (E.D.N.Y. June 17, 2008) (finding it error for the ALJ to not re-contact Plaintiff's treating physician when he determined that the physician's opinion was "not well-supported by objective medical evidence").

The ALJ found Dr. Shankman's opinion inconsistent with the "overall record" and noted the alleged lack of "medical evidence" supporting Dr. Shankman's assessment. However, it is well settled in the Second Circuit that "the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion." Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir.1998). The ALJ "is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who submitted an opinion or testified before him." Id. (quoting McBrayer v. Sec'y of Health & Human Servs., 712 F.2d 795, 799 (2d Cir.1983).

The ALJ suggested that Dr. Shankman's opinion concerning Plaintiff's ability to sit limited Plaintiff more than her testimony and activities indicated. (T at 15). Plaintiff testified that she could sit for 20 to 30 minutes at a time. (T at 35). This testimony does not support a conclusion that Plaintiff could sit for prolonged periods through the course of a workday, as would be required to perform sedentary work, which generally involves "six hours of sitting in an eight-hour workday." Perez v. Chater, 77 F.3d 41, 46 (2d Cir.1996). Further, the fact that Plaintiff engaged in some activities of daily living (some light housework, limited walking) does not preclude a finding of disability. See Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998) ("We have stated on numerous occasions that 'a claimant need not

9

be an invalid to be found disabled' under the Social Security Act.").

The fact that no other doctor opined that Plaintiff was disabled is not a sufficient basis for disregarding Dr. Shankman's assessment. See Filocomo v. Chater, 944 F. Supp. 165, 170 (E.D.N.Y.1996) ("In the absence of supporting expert medical opinion, the ALJ should not have engaged in his own evaluations of the medical findings."). As a treating physician with an orthopedic speciality, Dr. Shankman's opinion was presumptively entitled to controlling weight. The ALJ was required to "comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion." and provide "good reasons" for discounting that opinion. Halloran, 362 F.3d at 33; (citing 20 C.F.R. § 404.1527(d)(2)) (stating that the agency "will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

Remand is the proper remedy where, as here, the ALJ failed to provide "good reasons" for setting aside the treating physician's opinion. See Snell v. Apfel, 177 F.3d 128, 133 (2d Cir.1999); see also Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir.1998) (finding that the "Commissioner's failure to provide 'good reasons' for apparently affording no weight to the opinion of plaintiff's treating physician constituted legal error").

Accordingly, it is recommended that this matter be remanded for further development of the record. In particular, the ALJ should reconsider Dr. Shankman's opinion and, if necessary, re-contact the doctor to obtain additional information concerning the basis of his assessment.

### b.     Credibility

Courts in the Second Circuit have determined pain is an important element in DIB and SSI claims, and pain evidence must be thoroughly considered. See Ber v. Celebrezze,

333 F.2d 923 (2d Cir.1994). Further, if an ALJ rejects a claimant's testimony of pain and limitations, he or she must be explicit in the reasons for rejecting the testimony. See Brandon v. Bowen, 666 F.Supp. 604, 609 (S.D.N.Y.1997).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§ 423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. §§ 404.1529(b), 416.929; SSR 96-7p; Gernavage v. Shalala, 882 F.Supp. 1413, 1419 (S.D.N.Y.1995).

"An administrative law judge may properly reject claims of severe, disabling pain after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence." Lewis v. Apfel, 62 F.Supp.2d 648, 651 (N.D.N.Y.1999) (internal citations omitted).

To this end, the ALJ must follow a two-step process to evaluate the plaintiff's contention of pain, set forth in SSR 96-7p:

> First, the adjudicator must consider whether there is an underlying medically determinable physical or medical impairment (s) ... that could reasonably be expected to produce the individual's pain or other symptoms ....
>
> Second, ... the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities ....

According to 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii) and 416.929(c)(3)(i)-(vii), if the plaintiff's pain contentions are not supported by objective medical evidence, the ALJ must consider the following factors in order to make a determination regarding the plaintiff's

11

credibility:

>    1. [Plaintiff's] daily activities;
>    2. The location, duration, frequency and intensity of [Plaintiff's] pain or other symptoms;
>    3. Precipitating and aggravating factors;
>    4. The type, dosage, effectiveness, and side effects of any medication [Plaintiff] take[s] or ha[s] taken to alleviate ... pain or other symptoms;
>    5. Treatment, other than medication [Plaintiff] receive[s] or ha[s] received for relief of ... pain or other symptoms;
>    6. Any measure [Plaintiff] use[s] or ha[s] used to relieve ... pain or other symptoms;
>    7. Other factors concerning [Plaintiff's] functional limitations and restrictions due to pain or other symptoms.

If the ALJ finds that the plaintiff's pain contentions are not credible, he or she must state his reasons "explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." Young v. Astrue, No. 7:05-CV-1027, 2008 WL 4518992, at *11 (N.D.N.Y. Sept. 30, 2008) (quoting Brandon v. Bowen, 666 F. Supp 604, 608 (S.D.N.Y.1987)).

In the instant case, Plaintiff testified that she is unable to perform most housework due to back pain. (T at 28-29, 31). She indicated that picking up a 5-pound sack of sugar would aggravate her back. (T at 29). Plaintiff testified that she has difficulty concentrating and sleeping because of pain and spends much of her day laying on her side. (T at 32). She stopped driving due to pain. (T at 34). She can walk for approximately 10 minutes. (T at 34). Plaintiff testified regarding martial difficulties resulting from her back pain. (T at 35).

The ALJ concluded that Plaintiff was "credible as to pain," but he determined that there was "no basis for finding that she could not sustain employment in a sedentary job." (T at 16). However, Dr. Shankman's opinion was consistent with Plaintiff's allegations of

12

disabling pain. Contrary to the ALJ's conclusion, this treating physician's assessment provided a basis for finding that Plaintiff could not, for example, sit for prolonged periods, as would be necessary to sustain employment in a sedentary job. As such, the ALJ's credibility assessment should likewise be revisited on remand.

### 3. Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)). Remand is "appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, further findings would . . . plainly help to assure the proper disposition of [a] claim." Kirkland v. Astrue, No. 06 CV 4861, 2008 WL 267429, at *8 (E.D.N.Y. Jan. 29, 2008). Given the deficiencies in the record as outlined above, it is recommended that the case be remanded for further proceedings consistent with this Report and Recommendation.

## IV. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's Motion for Judgment on the Pleadings be DENIED, that Plaintiff's Motion for Judgment on the Pleadings be GRANTED, and that this case be remanded for further administrative proceedings.

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

Dated: April 25, 2012
Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE**

**DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**

Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

April 25, 2012

_____
Victor E. Bianchini
United States Magistrate Judge